UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BI YU ZHANG AND FENG YING NI,

                    Plaintiffs,

        - against -

JOY'S HAIR STUDIO, INC d/b/a JOY'S HAIR
& NAIL SALON, and JIAPING LI,

                    Defendants.
------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ OCT 1 6 2015 ★

BROOKLYN OFFICE

**MEMORANDUM AND ORDER**

13-cv-3220 (SLT) (RML)

**TOWNES, United States District Judge,**

The parties have reached a settlement in the above-captioned action and have filed a copy of their Stipulation of Settlement on the docket. [Doc. 35, Ex. 1.] At the request of the Court, the parties have also filed a joint memorandum explaining why the proposed settlement is a fair resolution of a bona fide dispute and not a compromise of the non-waivable rights afforded by the Fair Labor Standards Act ("FLSA"). *See Cheeks v. Freeport Pancake House, Inc.*, No. 14-299-CV, — F.3d —, 2015 WL 4664283, at *3 (2d Cir. Aug. 7, 2015).

The Stipulation of Settlement states that Plaintiffs will receive the sum of $46,500 in full satisfaction of all Plaintiffs' claims, to be paid in installments over the course of thirty months. A confidentiality provision provides that "[t]he terms of this agreement are to be kept confidential. In the event of a breach, any settlement proceeds received shall be paid back to Defendants." [Doc. 35, Ex. 1, ¶ 3(a).] The Stipulation of Settlement makes no mention of attorneys' fees, but the joint memorandum submitted by the parties indicates that the settlement sum is intended to include Plaintiff's attorneys' fees. [Joint Mem. of Law in Supp. of Fairness of the Proposed Settlement Agreement, Doc. 37, at 1.]

In their joint submission, the parties assert that the settlement is a fair and reasonable compromise of a bona fide dispute over the number of hours Plaintiffs worked and the wages they received. The parties agree that there are significant costs and risks associated with further litigation, and have arrived at the final settlement amount through arm's-length negotiations with the aid of a mediator. The Court has reviewed the Stipulation of Settlement and the parties' submissions and agrees with the parties that the settlement amount is a fair compromise of a bona fide dispute over the Plaintiffs' hours. Unfortunately, the Stipulation of Settlement cannot be approved it in its current form for two reasons.

First, the confidentiality provision conflicts with the remedial purpose of the FLSA. "The overwhelming majority of courts reject the proposition that FLSA settlement agreements can be confidential." *Armenta v. Dirty Bird Grp., LLC*, No. 13-CV-4603, 2014 WL 3344287, at *2 (S.D.N.Y. June 27, 2014) (denying motion to file proposed FLSA settlement under seal). Despite being publicly available on the docket, this provision imposes a gag order that obliges Plaintiffs to refrain from discussing the settlement with anyone, on pain of losing all past and future payments. "Barring the plaintiff from speaking about the settlement would further resolution of no bona fide dispute between the parties, but rather thwart Congress's intent to ensure widespread compliance with the statute by silencing the employee who has vindicated a disputed FLSA right." *Camacho v. Ess-A-Bagel, Inc.*, No. 14-CV-2592 (LAK), 2015 WL 129723, at *2 (S.D.N.Y. Jan. 9, 2015) (*quoting Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010)) (internal quotations, brackets, and ellipses omitted); *Lopez v. Nights of Cabiria, LLC*, No. 14-CV-1274 (LAK), 2015 WL 1455689, at *5 (S.D.N.Y. Mar. 30, 2015) (rejecting FLSA settlement containing, *inter alia*, restrictive confidentiality provisions, discussed with approval in *Cheeks*, 2015 WL 4664283, at *6).

Second, the Court is unable to approve a settlement that includes attorneys' fees absent any factual basis for the award. *Guareno v. Vincent Perito, Inc.*, No. 14-CV-1635, 2014 WL 4953746, at *2 (S.D.N.Y. Sept. 26, 2014) ("Counsel must provide a factual basis for a fee award, typically with contemporaneous time records); *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012) ("counsel must submit evidence providing a factual basis for the award. In the Second Circuit, that entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done.") (internal citations omitted). Here, Plaintiff's counsel has not provided any information at all regarding the amount of fees to be paid or the basis for that amount. Indeed, on its face, the Stipulation of Settlement does not provide for attorneys' fees at all, although the parties' joint memorandum asserts that they are so included.

Accordingly, the parties are hereby directed to submit a revised Stipulation of Settlement, which deletes the confidentiality provision and adds sufficient factual support for the Court to assess the reasonableness of Plaintiffs' attorneys' fees.

**SO ORDERED**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: October 14, 2015
Brooklyn, New York

3