UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BI YU ZHANG and FENG YING NI,

                Plaintiffs,

        - against -

JOY'S HAIR STUDIO, INC. d/b/a JOY'S HAIR
& NAIL SALON and JIAPING LI,

             Defendants.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**
13-CV-3220 (RRM) (RML)

ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiffs bring this action, originally assigned to Judge Sandra L. Townes and transferred to the undersigned on January 27, 2016, under the Fair Labor Standards Act ("FLSA"). The parties entered into a proposed settlement agreement on August 24, 2015. (Original Stip. of Settlement (Doc. No. 35-1); Joint Mem. in Supp. of Fairness (Doc. No. 37).) Judge Townes reviewed this agreement and found the settlement to be "a fair compromise of a bona fide dispute over the Plaintiffs' hours," but ultimately did not approve the agreement because it contained a troublesome confidentiality provision and failed to include a factual basis supporting plaintiffs' requested attorneys' fees. (Townes Order (Doc. No. 38).)

      The parties submitted a revised settlement agreement, removing the confidentiality provision and including a memorandum in support of plaintiffs' requested attorneys' fees. (Revised Stip. of Settlement (Doc. No. 39-1); Mem. of Law in Supp. of Att'ys' Fees (Doc. No. 39-2); Ex. Supp. Request for Att'ys' Fees (Doc. No. 40).) The parties now seek the Court's approval of the agreement as "a reasonable compromise of disputed issues." *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).

minimum necessary to litigate the case effectively."). The fee is then calculated by multiplying the reasonable hourly rate by the number of hours reasonably expended litigating the case. *Gunawan*, 897 F. Supp. 2d at 93–94. Courts, in exercising their "considerable discretion" to determine a reasonable fee, may look to rates awarded in prior cases, the courts' own knowledge of hourly rates charged in the district, and evidence submitted by the parties as guidance on what constitutes a reasonable rate. *Arbor Hill*, 522 F.3d at 190 ("[T]he district court, in exercising its considerable discretion, [should] bear in mind *all* of the case-specific variables that . . . courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate."); *Jemine v. Dennis*, 901 F. Supp. 2d 365, 392 (E.D.N.Y. 2012) (adopting report and recommendation listing considerations the court may use as guidance in determining a reasonable fee, including the foregoing). Plaintiffs bear the burden of demonstrating the reasonableness of the requested fees. *Jemine*, 901 F. Supp. 2d at 393.

Here, plaintiffs have submitted a memorandum supporting their request for attorneys' fees which sets forth the requested hourly rate for each attorney working on the matter, the number of hours each attorney worked, and descriptions of work done for each hour billed. (Mem. of Law in Supp. of Att'ys' Fees; Ex. Supp. Request for Att'ys' Fees.)

While the requested hourly rates proposed by plaintiffs are somewhat high compared to the standard hourly rates for comparable services in the Eastern District of New York,[1] plaintiffs

---

[1] First, the prevailing hourly rates for partners handling FLSA cases in this district are between $300 and $400. *Flores*, 2016 WL 386042, at *3 (finding the prevailing rate for partners in FLSA cases to be $300-$400) (collecting cases); *Jemine*, 901 F. Supp. 2d at 392 (same) (collecting cases); *see also Hui Luo*, 2015 WL 1954468, at *2 (finding the appropriate hourly rate for Troy in another FLSA action in the Eastern District to be $300). Second, hourly rates for junior associates typically range from $100 to $200. *See Flores*, 2016 WL 386042, at *3 ("[J]unior associates generally command $100 to $150 dollars per hour.") (collecting cases); *Hui Luo*, 2015 WL 1954468, at *2 (reducing Federici's hourly rate in another FLSA action in the Eastern District from $250 to $175); *Pall Corp. v. 3M Purification Inc.*, No. 03-CV-92 (ETB), 2012 WL 1979297, at *4 (E.D.N.Y. June 1, 2012) ("Recent opinions issued by courts within the Eastern District of New York have found reasonable hourly rates to be approximately . . . $100–$200 for junior associates.") (collecting cases). Finally, hourly rates for law clerks typically approximate $75 to $80. *See Lopez v. Yossi's Heimishe Bakery Inc.*, No. 13-CV-5050 (FB), 2015 WL 1469619, at *13 (E.D.N.Y. Mar. 30, 2015) (adopting report and recommendation reducing law clerk rate from $125 to $75); *Moore v.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BI YU ZHANG and FENG YING NI,

                   Plaintiffs,

        - against -

JOY'S HAIR STUDIO, INC. d/b/a JOY'S HAIR
& NAIL SALON and JIAPING LI,

               Defendants.
------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

**MEMORANDUM AND ORDER**
13-CV-3220 (RRM) (RML)

       Plaintiffs bring this action, originally assigned to Judge Sandra L. Townes and transferred to the undersigned on January 27, 2016, under the Fair Labor Standards Act ("FLSA"). The parties entered into a proposed settlement agreement on August 24, 2015. (Original Stip. of Settlement (Doc. No. 35-1); Joint Mem. in Supp. of Fairness (Doc. No. 37).) Judge Townes reviewed this agreement and found the settlement to be "a fair compromise of a bona fide dispute over the Plaintiffs' hours," but ultimately did not approve the agreement because it contained a troublesome confidentiality provision and failed to include a factual basis supporting plaintiffs' requested attorneys' fees. (Townes Order (Doc. No. 38).)

       The parties submitted a revised settlement agreement, removing the confidentiality provision and including a memorandum in support of plaintiffs' requested attorneys' fees. (Revised Stip. of Settlement (Doc. No. 39-1); Mem. of Law in Supp. of Att'ys' Fees (Doc. No. 39-2); Ex. Supp. Request for Att'ys' Fees (Doc. No. 40).) The parties now seek the Court's approval of the agreement as "a reasonable compromise of disputed issues." *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015).

Under the FLSA, parties cannot settle claims without the approval of a district court or the Department of Labor. *Id.* at 206. The parties must satisfy the Court that their agreement is "fair and reasonable." *Flores v. Food Express Rego Park, Inc.*, No. 15-CV-1410 (KAM), 2016 WL 386042, at *1 (E.D.N.Y. Feb. 1, 2016). Here, the Court finds, for the same reasons indicated by Judge Townes, that the settlement is both fair and reasonable as it was the result of an arms-length mediation with a neutral mediator, and it constitutes a fair compromise of a bona fide dispute over plaintiffs' hours. (*See* Joint Mem. in Supp. of Fairness at 4, 6 (ECF pagination) (presenting plaintiffs' and defendants' arguments regarding plaintiffs' hours).) *See Willix v. Healthfirst, Inc.*, No. 07-CV-1143 (RER), 2011 WL 754862, at *5 (E.D.N.Y. Feb. 18, 2011) ("Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes."). Additionally, the revised agreement no longer includes the confidentiality provision rejected by Judge Townes. (*See* Revised Stip. of Settlement.)

The Court must also evaluate whether the requested attorneys' fees are reasonable. *Flores*, 2016 WL 386042, at *1. The appropriate amount of attorneys' fees to award a prevailing party is determined by calculating a "presumptively reasonable fee." *Hui Luo v. L&S Acupuncture, P.C.*, No. 14-CV-1003 (BMC), 2015 WL 1954468, at *1 (E.D.N.Y. Apr. 29, 2015). A presumptively reasonable fee is determined by considering "the rate a paying client would be willing to pay" and applying the prevailing market rates in the district where the district court sits for attorneys of similar expertise providing comparable services. *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 93–94 (E.D.N.Y. 2012) (internal citations and quotation marks omitted); *see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008) ("The reasonable hourly rate is the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the

2

minimum necessary to litigate the case effectively."). The fee is then calculated by multiplying the reasonable hourly rate by the number of hours reasonably expended litigating the case. *Gunawan*, 897 F. Supp. 2d at 93–94. Courts, in exercising their "considerable discretion" to determine a reasonable fee, may look to rates awarded in prior cases, the courts' own knowledge of hourly rates charged in the district, and evidence submitted by the parties as guidance on what constitutes a reasonable rate. *Arbor Hill*, 522 F.3d at 190 ("[T]he district court, in exercising its considerable discretion, [should] bear in mind *all* of the case-specific variables that . . . courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate."); *Jemine v. Dennis*, 901 F. Supp. 2d 365, 392 (E.D.N.Y. 2012) (adopting report and recommendation listing considerations the court may use as guidance in determining a reasonable fee, including the foregoing). Plaintiffs bear the burden of demonstrating the reasonableness of the requested fees. *Jemine*, 901 F. Supp. 2d at 393.

Here, plaintiffs have submitted a memorandum supporting their request for attorneys' fees which sets forth the requested hourly rate for each attorney working on the matter, the number of hours each attorney worked, and descriptions of work done for each hour billed. (Mem. of Law in Supp. of Att'ys' Fees; Ex. Supp. Request for Att'ys' Fees.)

While the requested hourly rates proposed by plaintiffs are somewhat high compared to the standard hourly rates for comparable services in the Eastern District of New York,[1] plaintiffs

---

[1] First, the prevailing hourly rates for partners handling FLSA cases in this district are between $300 and $400. *Flores*, 2016 WL 386042, at *3 (finding the prevailing rate for partners in FLSA cases to be $300-$400) (collecting cases); *Jemine*, 901 F. Supp. 2d at 392 (same) (collecting cases); *see also Hui Luo*, 2015 WL 1954468, at *2 (finding the appropriate hourly rate for Troy in another FLSA action in the Eastern District to be $300). Second, hourly rates for junior associates typically range from $100 to $200. *See Flores*, 2016 WL 386042, at *3 ("[J]unior associates generally command $100 to $150 dollars per hour.") (collecting cases); *Hui Luo*, 2015 WL 1954468, at *2 (reducing Federici's hourly rate in another FLSA action in the Eastern District from $250 to $175); *Pall Corp. v. 3M Purification Inc.*, No. 03-CV-92 (ETB), 2012 WL 1979297, at *4 (E.D.N.Y. June 1, 2012) ("Recent opinions issued by courts within the Eastern District of New York have found reasonable hourly rates to be approximately . . . $100–$200 for junior associates.") (collecting cases). Finally, hourly rates for law clerks typically approximate $75 to $80. *See Lopez v. Yossi's Heimishe Bakery Inc.*, No. 13-CV-5050 (FB), 2015 WL 1469619, at *13 (E.D.N.Y. Mar. 30, 2015) (adopting report and recommendation reducing law clerk rate from $125 to $75); *Moore v.*

have reduced their requested fee from their calculated lodestar by more than fifty percent (50%) – from $34,001 to $15,345. The resulting fee request is reasonable as reducing the proposed hourly rates to those more aligned with the standard rates in the Eastern District would yield fees well in excess of those proposed by the parties.

Further, the Court finds the number of hours plaintiffs' counsel expended on this matter reasonable. In determining the reasonableness of the number of hours expended, the Court "should exclude excessive, redundant or otherwise unnecessary hours." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The Court should consider "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992).

Applying this analysis, the Court finds that the number of hours spent on this matter – approximately 94 – were reasonable given the posture of the case. Plaintiffs' counsel: drafted a complaint and an amended complaint; engaged in and completed discovery, including interrogatories, document production, and depositions; successfully defended against a summary judgment motion; and ultimately successfully engaged in mediation. While some of the work conducted by Troy may have been more appropriately conducted by a more junior attorney – for example, time spent filing documents with the Court – a reduction of the requested fees is not necessary because any such reduction, in conjunction with a reduction in rates as discussed above, would yield fees well in excess of those proposed by the parties.

---

*Houlihan's Restaurant, Inc.*, No. 07-CV-3129 (ENV) (RER), 2011 WL 2470023, at *7–8 (E.D.N.Y. May 10, 2011), *report and recommendation adopted by* 2011 WL 2462194 (E.D.N.Y. June 17, 2011) (reducing law clerk's hourly rate from $175 to $80).

Thus, the Court finds the requested $15,345 attorneys' fees to be a presumptively reasonable fee. Plaintiffs have also provided adequate support for their request for costs in the amount of $1,641.85, which includes fees for a Department of State corporation search, filings, process of service, interpreters, and deposition transcripts. (*See* Ex. Supp. Request for Att'ys' Fees at 4.)

Accordingly, the Court finds the settlement agreement to be fair and reasonable. The Court retains jurisdiction for the purpose of enforcing the agreement. The Clerk of Court is respectfully directed to terminate this action.

SO ORDERED.

*Roslynn R. Mauskopf*

_____

ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
        June 21, 2016